MORGAN HUGHES AND ALEXANDER GILLIAM v. THE STATE.

CRIMINAL LAW. *Testimony of an accomplice. Supported by incompetent evidence.*

H. and G. were convicted of burglary, upon the uncorroborated testimony alone of C., an accomplice, who was contradicted by other witnesses in important particulars, and who admitted in evidence that he had sworn falsely in a former trial. C. testified that the crime was committed by H. and G., with himself and J., the latter not being on trial. M. and S. were permitted to testify, for the State, that C. told them, soon after the burglary occurred, where J. had hidden some of the articles obtained from the house broken open, and that they found the same at the place indicated by C. This testimony was admitted over the objection of the defendants, and they excepted. *Held,* that, in the circumstances of the case, the admission of the testimony of M. and S., which was incompetent evidence, and tended to support the credibility of C., was a material error.

APPEAL from the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

On the trial of this case in the court below, Thomas Cozart testified, for the State, that the burglary charged was committed by the appellants, Morgan Hughes and Alexander Gilliam, and himself, in connection with Edward Johnson, who was not on trial.    J. M. Mosby and T. E. Stout were introduced as witnesses for the State, to prove that, soon after the burglary was committed, Cozart told them where Johnson had hidden some of the money and other articles obtained from the house broken open, and that they went to the place indicated and found the things mentioned by Cozart.    This testimony was admitted over the objection of the defendants below, and they excepted.    The other material facts of the case are stated in the opinion of the court.

*Gholson & Houston* and *G. I. Buchanan*, for the appellants.

It is insisted that the testimony of Mosby and Stout should not have gone to the jury.    Such testimony does not in any manner connect, or tend to connect, the appellants with the offence charged to have been committed.    It does not appear that the appellants, or either of them, were present at the time the declarations of Tom Cozart were made to Mosby and Stout ; nor does it appear that either of the appellants was found to have had the possession, at any time, of any of the property recovered, according to the disclosures of the accomplice, Tom Cozart.    The testimony of these two witnesses was calculated to mislead the jury, and to what extent this court cannot tell.    Except the statements made by the accomplice, Tom Cozart, there is not the slightest circumstance shown which directs any suspicion against the appellants as participants in the crime alleged.

" It may be regarded as the settled course of practice not to convict a prisoner, in any case of felony, upon the sole and uncorroborated testimony of an accomplice."    1 Greenl. on Ev. 427.    This witness Tom Cozart, the accomplice, is not only uncorroborated by any testimony tending to connect the appellants with the crime, but he stands directly and posi-

tively contradicted by several witnesses. This will be considered in connection with the fact that Cozart admitted that he had sworn falsely on a former trial.

*T. C. Catchings,* Attorney-General, for the State.

There is no merit in this appeal. The sole point made is, that the testimony is insufficient.

The testimony upon which the conviction was had was that of an accomplice, it is true, but it was given to the jury with full instructions as to the caution and distrust with which such testimony should be received and considered, and they chose to believe that it was true.

That is all there is in this case, and, according to the well-settled practice in such cases, the verdict will not be disturbed.

GEORGE, J., delivered the opinion of the court.

The appellants were convicted of burglary, upon the testimony alone of an accomplice, who was wholly uncorroborated. We would not set aside the verdict for this reason, as it was the province of the jury to determine upon the weight and credibility of the evidence. In such a case, however, if there be any error of the court which might have conduced to the result, our plain duty is to grant a new trial. Such an error exists in this case. The sole witness against the accused was contradicted in important particulars by other witnesses, and confessed, also, that in a former trial he had wilfully sworn falsely. Under these circumstances, the admission of illegal evidence which tended to support his credibility was a material error. The testimony of Mosby and Stout as to the former statements of this witness, and as to what was found in consequence of what he said, was illegal; and, as it tended to support the credibility of the witness, was materially injurious to the accused.

For the admission of this evidence, the judgment is reversed and a new trial granted.